# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                         Plaintiff,<br>   vs.<br><br>MATTHEW "BEAU" LA MADRID (1),<br>LANCE LA MADRID (2),<br>                         Defendant. | CASE NO. 09CR2582 WQH<br><br>ORDER |

HAYES, Judge,

The matters before the Court are: 1) the motion to dismiss the indictment filed by Defendant Matthew La Madrid, ECF No. 124-2; and 2) the motion to dismiss indictment or for a bill of particulars filed by Defendant Lance La Madrid, ECF No. 125.

## BACKGROUND

On July 7, 2009, the grand jury returned an indictment charging the Defendant in Count 1 with conspiracy to commit offenses against the United States including mail fraud, wire fraud, and bank fraud; in Counts 2 through 12 with mail fraud; in Counts 13 through 19 with wire fraud; in Counts 20 through 23 with bank fraud; in Counts 24 through 28 with money laundering; and in Count 29 with obstruction of justice. The indictment charges that the Defendant and his co-defendants engaged in a fraudulent scheme involving more than 78 million dollars to defraud hundreds of investors and numerous financial institutions.

## ANALYSIS

1) <u>motion to dismiss the indictment ECF No. 124-2</u>

Defendant Matthew La Madrid moves the Court to dismiss the indictment on the

grounds that the July 2007 grand jury proceedings were constitutionally defective. Defendant "[w]ishes to preserve this issue for possible further review and adopts the rationale set forth in the dissent in *United States v. Navarro-Vargas*, 408 F.3d 1184, 1209 (9th Cir. 2005)(en banc)(Hawkins, J. dissenting)." ECF No. 124-1 at 3.

Defendant does not identify any specific issues raised by the July 2007 grand jury proceedings but attaches the July 26, 2007 grand jury instructions as Exhibit A. The record in this case does not contain any evidence that any instruction given to the grand jury on July 26, 2007 nullified the grand jury's inherent power to refuse to indict for any reason or substantially infringed on the fundamental fairness of the proceeding or the independence of the grand jury.

2) <u>motion to dismiss indictment or for a bill of particulars ECF No. 125</u>

Defendant Lance La Madrid moves the Court to dismiss the indictment for a lack of sufficiency. Defendant contends that the indictment fails to identify the number of victims of the alleged conspiracy, and the actual loss from the alleged overt acts. In the alternative, Defendant requests that the Court direct the filing of a bill of particulars "identifying each and every instance wherein Lance Madrid took such actions that make him liable for any of the alleged acts." ECF No. 125 at 4.

The Government asserts that the indictment specifies the charging statutes and sets forth the required elements of each offense. The Government asserts that the indictment is sufficiently precise to inform the Defendant of the nature of the charges and that a bill of particulars is not necessary.

An indictment is a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed.R.Crim.P. 7(c)(1). A legally sufficient indictment must state the elements of the offense charged with sufficient clarity to apprise a defendant of the charge against which he must defend and to enable him to plead double jeopardy. *See United States v. Givens*, 767 F.2d 574, 584 (9th Cir. 1985). An indictment which tracks the words of the statute charging the offense is sufficient so long as the words unambiguously set forth all elements necessary to constitute the offense. *See Hamling v. United States*, 418 U.S. 87, 117

(1974). "The test of sufficiency of the indictment is not whether it could have been framed in a more satisfactory manner, but whether it conforms to minimal constitutional standards." *United States v. Awad*, 551 F.3d 930, 935 (9th Cir. 2009) (quotation and citation omitted).

The indictment in this case tracks the language of each statute charged and set forth the required elements of each offense. The indictment adequately alleges the manner and means of the alleged conspiracy and the overt acts provide further description of the alleged mail fraud, wire fraud, and bank fraud charges against the Defendant. The Court concludes that the charges in the indictment are stated with sufficient clarity to apprise the Defendant of the charges against which he must defend and to enable him to plead double jeopardy.

Fed. R. Crim. P. 7(f) authorizes the court to "direct the filing of a bill of particulars." The test for granting a bill of particulars is whether the indictment is so vague that a bill of particulars is required. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). Full discovery obviates the need for a bill of particulars. *Id.* In this case, the Court concludes that there are no facts or circumstances which would require a bill of particulars.

IT IS HEREBY ORDERED that 1) the motion to dismiss the indictment filed by Defendant Matthew La Madrid, ECF No. 124-2 is denied; and 2) the motion to dismiss indictment or for a bill of particulars filed by Defendant Lance La Madrid, ECF No. 125 is denied.

DATED: September 27, 2010

**WILLIAM Q. HAYES**
United States District Judge