FILED

2011 JAN -7 AM 8:41

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 09cr2582-WQH |
| Plaintiff, | |
| v. | PRELIMINARY ORDER OF CRIMINAL FORFEITURE |
| MATTHEW "BEAU" LA MADRID, | |
| Defendant. | |

WHEREAS, in the Indictment and Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in properties of the above-named Defendant pursuant to Title 18, United States Code, Sections 982(a), 981(a)(2)(A), 981(a)(1)(C), and Title 28, United States Code, Section 2461(c), as properties constituting or derived from proceeds traceable to the offenses of bank fraud, wire fraud and mail fraud, in violation of Title 18, United States Code, Sections 371, 1341, 1343, and 1344, as charged in the Indictment and Information; and

WHEREAS, on or about January 3, 2011, the above-named Defendant, MATTHEW "BEAU" LA MADRID ("Defendant"), pled guilty to Count 1 of the Indictment in Case No. 09cr2582-WQH and to an Information in the same case, which plea included consent to the criminal forfeiture allegations pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c) as set forth in the Indictment and the Information; and

1     WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offenses; and

    WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to Title 18, United States Code, Section 981, Title 28, United States Code, Section 2461, and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

    WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to proceed with forfeiture of the following properties which were found forfeitable by the Court, namely:

(1) Funds transferred from the brokerage accounts of Premium Return Fund I, II and III to Vision Quest Investments on September 14, 2007, and October 9, 2007, totaling approximately $7,000,000;

(2) Any funds seized, frozen or recovered by the plaintiffs in S.E.C v. Plus Money, Inc. and Matthew La Madrid, 08cv0764-MMA (NLS) (S.D. Cal.), Donell v. Lopez Parales, 08cv0823-MMA (S.D. Cal.), and S.E.C. v. Moises Pacheco, et al., 09cv1355-MMA (RBB) (S.D. Cal.), including, but not limited to, approximately $2,915,947.41 recovered between May 16, 2008 and November 30, 2010;

(3) 2611 W. 64th Avenue, Denver, Colorado 80221, more fully described as:

    Assessor's Parcel Numbers
    Unit D - 0182505407031
    Unit E - 0182505407032
    Unit F - 0182505407033

UNITS D, E AND F, BLDG 2611 WEST 64TH AVENUE, SIXTY-FOUR BUSINESS PARK CONDOMINIUMS, ACCORDING TO THE CONDOMINIUM MAP THEREOF, RECORDED ON AUGUST 8, 2005 AT RECEPTION NO. 2005080800084160 IN THE RECORDS OF THE CLERK AND RECORDER OF ADAMS COUNTY, COLORADO, AND AS DEFINED AND DESCRIBED IN THE CONDOMINIUM DECLARATION FOR SIXTY-FOUR BUSINESS PARK CONDOMINIUMS RECORDED NOVEMBER 10, 2005 AT RECEPTION NO. 20051110001249030, IN SAID RECORDS, COUNTY OF ADAMS, STATE OF COLORADO;

(4) 8066 Oneida Street, Commerce City, Colorado 80022, more fully described as:

    APN 0172129404016

LOT 3, HODAPP AND BURDS SUBDIVISION, FILING NO. 2, CITY OF COMMERCE CITY, COUNTY OF ADAMS, STATE OF COLORADO;

(5) 9091 Poze Boulevard, Thornton, Colorado 80229, more fully described as:

    APN 0171923416029

//

LOT 17, BLOCK 23A, BLOCKS 23A AND 24 OF THORNTON, COUNTY OF ADAMS, STATE OF COLORADO;

(6) 10613 Farmdale Street, Firestone, Colorado 80520, more fully described as:

APN 131107105009

LOT 9, BLOCK 5, SAGEBRUSH, TOWN OF FIRESTONE, COUNTY OF WELD, STATE OF COLORADO; and

(7) 810 Marine Street, Boulder, Colorado 80302, more fully described as:

APN 146136120005

The North 1/2 of Lot 5, Block 10, Smith's Addition to West Boulder, According to the recorded Plat thereof, County of Boulder, State of Colorado; and

WHEREAS, the Defendant has further agreed to the entry of a money judgment against him in favor of the United States in the amount of $7,000,000.00, representing proceeds he received as part of the offenses set forth in Count 1 of the Indictment and the Information; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, all right, title and interest of Defendant MATTHEW "BEAU" LA MADRID in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(1) 2611 W. 64th Avenue, Denver, Colorado 80221, more fully described as:

Assessor's Parcel Numbers
Unit D - 0182505407031
Unit E - 0182505407032
Unit F - 0182505407033

UNITS D, E AND F, BLDG 2611 WEST 64TH AVENUE, SIXTY-FOUR BUSINESS PARK CONDOMINIUMS, ACCORDING TO THE CONDOMINIUM MAP THEREOF, RECORDED ON AUGUST 8, 2005 AT RECEPTION NO. 2005080800084160 IN THE RECORDS OF THE CLERK AND RECORDER OF ADAMS COUNTY, COLORADO, AND AS DEFINED AND DESCRIBED IN THE CONDOMINIUM DECLARATION FOR SIXTY-FOUR BUSINESS PARK CONDOMINIUMS RECORDED NOVEMBER 10, 2005 AT RECEPTION NO. 20051110001249030, IN SAID RECORDS, COUNTY OF ADAMS, STATE OF COLORADO;

//

(2) 8066 Oneida Street, Commerce City, Colorado 80022, more fully described as:

APN 0172129404016

LOT 3, HODAPP AND BURDS SUBDIVISION, FILING NO. 2, CITY OF COMMERCE CITY, COUNTY OF ADAMS, STATE OF COLORADO;

(3) 9091 Poze Boulevard, Thornton, Colorado 80229, more fully described as:

APN 0171923416029

LOT 17, BLOCK 23A, BLOCKS 23A AND 24 OF THORNTON, COUNTY OF ADAMS, STATE OF COLORADO;

(4) 10613 Farmdale Street, Firestone, Colorado 80520, more fully described as:

APN 131107105009

LOT 9, BLOCK 5, SAGEBRUSH, TOWN OF FIRESTONE, COUNTY OF WELD, STATE OF COLORADO; and

(5) 810 Marine Street, Boulder, Colorado 80302, more fully described as:

APN 146136120005

The North 1/2 of Lot 5, Block 10, Smith's Addition to West Boulder, According to the recorded Plat thereof, County of Boulder, State of Colorado.

2. Based upon the guilty plea of the Defendant, the United States is authorized to take custody and control of the following properties, and all right, title and interest of Defendant MATTHEW "BEAU" LA MADRID in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(1) Funds transferred from the brokerage accounts of Premium Return Fund I, II and III to Vision Quest Investments on September 14, 2007, and October 9, 2007, totaling approximately $7,000,000; and

(2) Any funds seized, frozen or recovered by the plaintiffs in S.E.C v. Plus Money, Inc. and Matthew La Madrid, 08cv0764-MMA (NLS) (S.D. Cal.), Donell v. Lopez Parales, 08cv0823-MMA (S.D. Cal.), and S.E.C. v. Moises Pacheco, et al., 09cv1355-MMA (RBB) (S.D. Cal.), including, but not limited to, approximately $2,915,947.41 recovered between May 16, 2008 and November 30, 2010.

3. Based upon the guilty plea of the Defendant, the United States is entitled to a forfeiture money judgment in the amount of $7,000,000.00 in its favor against Defendant MATTHEW "BEAU" LA MADRID. The United States is authorized to enforce the judgment subject to the provisions of Title 21, United Slates Code, Section 853(p),(forfeiture of substitute

property), as well as to take all other collection actions available to it pursuant to Title 28, United States Code, Sections 3613, and 3001-3308.

4. Pursuant to Rule 32.2(b)and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties. Ancillary proceedings are not required as to the money judgment pursuant to Rule 32.2(c)(1).

5. Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the properties, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited properties and any additional facts supporting the petitioner's claim and the relief sought.

7. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture.

8. The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant MATTHEW "BEAU" LA MADRID in the amount of **$7,000,000.00** with interest to accrue thereon in accordance with 18 U.S.C. §3612(f) and 28 U.S.C. §1961.

9. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment

| | |
|---|---|
| 1 | 10. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed. |

DATED: 1/6/11

_____
WILLIAM Q. HAYES, Judge
United States District Court